[Sac. No. 5.    Department Two.—March 24, 1896.]

# SWAMP LAND DISTRICT NO. 307, RESPONDENT, v. J. H. GLIDE, APPELLANT.

SWAMP LAND DISTRICT—ACTION FOR ASSESSMENT—STATUTE OF LIMITATIONS —AMENDMENT OF POLITICAL CODE.—The amendment of March 31, 1891, to section 3466 of the Political Code, which provides for the payment of the assessment, made in a swamp land district under the Reclamation Act, in such installments as the board from time to time may, in its discretion, by order entered on its minutes, direct, and that a cause of action shall accrue at the expiration of twenty days from the date of the order directing its payment, and that, if any such installment is not paid, then the whole assessment against the land of the delinquent shall become due and payable, and may, in the discretion of the board, be collected immediately in one action, does not operate retroactively, but operates upon existing assessments, so as to change the time when the cause of action accrues, and does not modify or change the limitation of section 338 of the Code of Civil Procedure, which still applies to the cause of action, when it accrues under the terms of the amendment.

ID.—RUNNING OF STATUTE — VESTED RIGHT — CHANGE OF LIMITATION. — There is no vested right in the running of the statute of limitations until it has completely run and barred the action; and when a change in the limitation is made during the time of the running of the statute, the time run is not a credit to the defendant under the new law; and the whole period contemplated by the new law must lapse to bar the action, unless the new law itself expresses a contrary intent.

ID. — REPUBLICATION OF AMENDED ACT — REPEAL. — The republication of the whole of an amended act or section does not operate as a repeal and re-enactment of the portion of the act unchanged and unmodified by the amendment, which continues to be the law throughout.

ID.—DIFFERENCE IN DESCRIPTION OF ACREAGE OF DEFENDANT'S LAND—OBJECTION UPON APPEAL FOR FIRST TIME—PRESUMPTION—IMMATERIAL VARIANCE.—The objection that there is a difference in the acreage of defendant's land embraced in the exterior lines of the district, and that in the assessment-roll, cannot be considered upon appeal for the first time; nor is there any presumption in favor of the accuracy of the former over the latter; and where ownership of the tract of land described in the complaint is admitted, it is immaterial whether the acreage is correctly described, where it does not appear that the assessment was levied upon the lands by acreage.

APPEAL from a judgment of the Superior Court of Yolo County and from an order denying a new trial. W. H. GRANT, Judge.

The facts are stated in the opinion of the court.

*Armstrong & Bruner*, for Appellant.

The amendment of section 3466 of the Political Code is not retroactive; it refers only to assessments made after its passage. (Pol. Code, sec. 3; *Central Pac. R. R. Co.* v. *Shackelford*, 63 Cal. 261; *People* v. *Parvin*, 74 Cal. 554, 555; *Sharp* v. *Blankenship*, 59 Cal. 288; Cooley's Constitutional Limitations, 76; *Benjamin* v. *Elbridge*, 50 Cal. 612; *Ely* v. *Holton*, 15 N. Y. 598; *Matter of Peugnet*, 67 N. Y. 441, 444.) If the legislature intended to amend section 338 of the Code of Civil Procedure by amending section 3466 of the Political Code, the amendatory act is void, because the subject was not expressed in the title, and because the section was not republished at length as amended. (Const., art. IV, sec. 24; *People* v. *Parvin, supra; Leonard* v. *January*, 56 Cal. 1; *Myers* v. *Alameda County*, 60 Cal. 287; *People* v. *Hills*, 35 N. Y. 449; *People* v. *Briggs*, 50 N. Y. 553; *People* v. *Gadway*, 61 Mich. 285; 1 Am. St. Rep. 578; *State* v. *Bowers*, 14 Ind. 195; *Comstock* v. *Superior Court*, 39 Mich. 195; *Wheeler* v. *State*, 23 Ga. 9; *Norman* v. *Curry*, 27 Ark. 440; *State* v. *Garrett*, 29 La. Ann. 637; *Davis* v. *State*, 7 Md. 151; 61 Am. Dec. 331, and notes, 338–45.)

*McKune & George*, for Respondent.

The amendment to section 3466 of the Political Code took away all power to act under the original section, and the amendment applies alike to assessments levied before and uncollected at the time of its passage, as to assessments levied afterward. (*Commonwealth* v. *Duffy*, 96 Pa. St. 506; 42 Am. Rep. 554; *Bigelow* v. *Bemis*, 2 Allen, 497; *Sohn* v. *Waterson*, 17 Wall. 599; *Vance* v. *Vance*, 108 U. S. 514; *South Carolina* v. *Gaillard*, 101 U. S. 433; *Walker* v. *Whitehead*, 16 Wall. 314; *Tennessee* v. *Sneed*, 96 U. S. 69; *Railroad Co.* v. *Grant*, 98 U. S. 398; *Merchants' Ins. Co.* v. *Ritchie*, 5 Wall. 541; *United States* v. *Boisdore*, 8 How. 113; *McNulty* v. *Batty*, 10 How. 72; *Ex parte McCardle*, 7 Wall. 506; *Assessor* v. *Osbornes*, 9 Wall. 567; *United States* v. *Tynen*, 11 Wall.

88; *Norris* v. *Crocker,* 13 How. 429; *Bank etc.* v. *Dudley,* 2 Pet. 492; *Coffin* v. *Rich,* 45 Me. 507; 71 Am. Dec. 559.) If, before the statute bar has become complete, the statutory period is changed, the time past is effaced, and the new law governs.   (1 Wood on Limitations, 2d ed., secs. 12, 117; *Henry* v. *Thorpe,* 14 Ala. 103; *Martin* v. *Martin,* 35 Ala. 560; *Howell* v. *Howell,* 15 Wis. 55; *United States* v. *Ballard,* 3 McLean, 469; *Forsyth* v. *Ripley,* 2 G. Greene, 181; *Gilman* v. *Cutts,* 23 N. H. 376; *Norris* v. *Slaughter,* 1 G. Greene, 338; *Terry* v. *Anderson,* 95 U. S. 630; *Vance* v. *Vance, supra; In re Brown,* 135 U. S. 705; *Wheeler* v. *Jackson,* 137 U. S. 255; *Commonwealth* v. *Duffy, supra; Keith* v. *Keith,* 26 Kan. 26; Cooley's Constitutional Limitations, 6th ed., 448, note 2; *Wardlaw* v. *Buzzard,* 15 Rich. 158; 94 Am. Dec. 148; *Bender* v. *Crawford,* 33 Tex. 745; 7 Am. Rep. 270; *Capperton* v. *Martin,* 4 W. Va. 138; 6 Am. Rep. 270; *Pearsall* v. *Kenan,* 79 N. C. 472; 28 Am. Rep. 336.)

HENSHAW, J.—Appeals from the judgment and from the order denying a new trial.

The commissioners of the plaintiff Swamp Land District in 1889 made their assessment under the reclamation act.   The list was filed with the county treasurer April 5, 1889.   The defendant refused to pay certain installments upon his assessment, and this action was brought charging upon the installments in separate counts and seeking to collect the same.

Section 3466 of the Political Code, as amended in 1880, was the law in force at the time of the assessment, and at the time when the charges therein became a lien upon the land.   That section provided: 1. That the county treasurer, at the end of thirty days after an assessment list was filed with him, should return the same to the board of trustees; 2. That the board of trustees must thereupon commence action for the collection of such delinquent assessments, and for the enforcement of the lien.

This law was found to be inconvenient, as it required

the whole assessment to be paid at once, when the money could only be used from time to time.

To remedy this difficulty the legislature, by act passed March 31, 1891, amended section 3466 of the Political Code, retaining the provision that the county treasurer must return the list to the board of trustees, and providing: 1. That all unpaid assessments must be collected and paid in separate installments of such amounts, and at such times, respectively, as the board from time to time in its discretion may, by order entered on its minutes, direct; 2. That a cause of action for the collection of any such installment shall accrue at the expiration of twenty days from the date of the order directing its payment; 3. That if any such installment shall remain unpaid at the expiration of twenty days, then the whole of the assessment against the land owned by the person failing to pay such installment shall become due and payable at once, and may, in the discretion of the board, be collected immediately in one action.

It has been decided in *People* v. *Hulbert,* 71 Cal. 72, that the cause of action contemplated by section 3466 of the Political Code as amended in 1880 was one embraced within the provisions of subdivision 1 of section 338 of the Code of Civil Procedure. Appellant here contends that the last amendment to section 3466 of the Political Code operates to fix another and different limitation upon the cause of action, and that it is, consequently, inapplicable to this assessment and void: 1. As having a retroactive effect; 2. As an attempt to amend section 338 of the Code of Civil Procedure without reference to the amended act or a republication of it as amended; and 3. As interfering with the defendant's vested rights in the bar of the statute.

These contentions may be briefly disposed of: 1. The amendment has no retroactive effect. It operates upon existing assessments as they stood at the time the law went into effect. If, at that time, a cause of action upon an assessment was barred to a district, this amendment did not, and did not attempt to, revive the old or give

another cause of action therefor. What it did was merely to change the mode of procedure for the collection of the assessment by providing for installments and *by changing the time when the cause of action accrues.*

2. The amendment did not in fact, or in effect, modify or change section 338 of the Code of Civil Procedure. The statute of limitations begins to run against a right only when a cause of action upon that right has accrued. By the act of 1880 it began to run thirty days after the assessment list was filed with the treasurer, and if action was not commenced within three years thereafter the cause was barred. (Code Civ. Proc., sec. 338, subd. 1.) Under the amendment, the cause of action accrued twenty days from the date of the order directing its payment. The right of action thereafter existed for three years, when it was barred by the same section of the Code of Civil Procedure. The same limitation exists in both cases, and it is the limitation provided by section 338, subdivision 1, of the Code of Civil Procedure. Manifestly, there has been no amendment and no attempt to amend this section.

3. It is not claimed that the cause of action under the law of 1880 was barred as to this assessment at the time the amendment went into effect. Only two years of the three had passed; but it is insisted that appellant had such a vested right in the passage of time, and the statute of limitations, that the cause of action against him must be held to be the cause of action under the law of 1880, so that when the third year had expired in March, 1891, the causes of action were one and all barred. *Central Pac. R. R. Co.* v. *Shackelford,* 63 Cal. 261, is here relied on. It is not at all in point. When the law of adverse possession was changed so as to require the payment of taxes by a claimant, the question was presented whether, in establishing the necessary five years' possession, it was incumbent to prove the payment of taxes during all of that period, when a part of it was before the amendment became a law. It was held not

to be a question of vested right, but of giving to a law a retroactive effect which the legislature never intended.

But a man has no vested right in the running of the statute of limitations until it has completely run and barred the action. And when a change in the statute is made during the time of its running, that time is not a credit to the defendant under the new law. The whole period contemplated by the new law must lapse to bar the action. Such are the general rules applicable alike to criminal and civil actions, unless the new act itself expresses a contrary intent. (*Commonwealth* v. *Duffy*, 96 Pa. St. 506; 42 Am. Rep. 554; *Bigelow* v. *Bemis*, 2 Allen, 497; *Vance* v. *Vance*, 108 U. S. 517; *Sohn* v. *Waterson*, 17 Wall. 599; *Wheeler* v. *Jackson*, 137 U. S. 255; *Gilman* v. *Cutts*, 23 N. H. 376; *Henry* v. *Thorpe*, 14 Ala. 103; 1 Wood's Limitation of Actions, 2d ed., sec. 12, and cases; Cooley's Constitutional Limitations, 6th ed., 448; *Bender* v. *Crawford*, 33 Tex. 745; 7 Am. Rep. 270; *Pearsall* v. *Kenan*, 79 N. C. 472; 28 Am. Rep. 336.)

Section 3466 of the Political Code was not repealed in 1891, but was amended in the particulars indicated. The constitution requires a republication at length of an amended act, that the legislators may readily see what effect the proposed amendments will have upon the original law. But this republication of portions of the act unchanged and unmodified by the amendment does not operate as a repeal and re-enactment of these portions which have continued to be the law throughout. (Pol. Code, sec. 325; *Central Pac. R. R. Co.* v. *Shackelford, supra.*)

Upon the trial, defendant admitted ownership of the tracts of land described in the complaint, and the court found accordingly. Whether or not one of these tracts so described and so admitted to be land of defendant contained seventy acres as alleged, or less, is immaterial, as it is not shown that the assessment was levied upon the lands by acreage.

The claim that a difference exists between the acreage

embraced within the exterior lines of the district, and that in the assessment-roll, is here made for the first time, and cannot be considered. In any event there would be no presumption in favor of the accuracy of the former estimate over that of the latter.

The judgment and order appealed from are affirmed.

MCFARLAND, J., and TEMPLE, J., concurred.

Hearing in Bank denied.