[L. A. No. 1800.   Department Two.—June 22, 1907.]

T. J. WELDON, Respondent, v. RALPH ROGERS, Appellant.

EXECUTION—MONEY JUDGMENT—ENFORCEMENT AFTER FIVE YEARS FROM ENTRY.—STATUTE OF LIMITATIONS.—The amendment of April 9, 1895, to section 685 of the Code of Civil Procedure, which in effect allowed a judgment for the recovery of money to be enforced or carried into execution after five years from the date of its entry, by leave of the court, upon motion, applied to all such judgments which had not been barred by the statute of limitations at the time of the amendment.

ID.—EXTENSION OF STATUTE OF LIMITATIONS—CONSTITUTIONAL LAW.— The legislature had the constitutional power to make such amendment. It was, in principle and effect, in the nature of an extension of the period of limitation of an action, and such extension is always valid when made before the former period of limitation had expired. A judgment-debtor, or one against whom any cause of action exists, is subject to any change of the statute of limitations touching such judgment or other cause of action, if made before the action shall have been barred under the former law.

ID.—EXECUTION MAY ISSUE AT INSTANCE OF PERSONAL REPRESENTATIVE OF JUDGMENT-CREDITOR.—Under section 686 of the Code of Civil Procedure, the personal representative of a deceased judgment-creditor may enforce the judgment by execution without resorting to a civil action thereon, and after the expiration of five years from the date of the entry of the judgment may apply to the court, upon motion, for an order that execution issue, as provided by section 685 of that code.

APPEAL from an order of the Superior Court of Los Angeles County refusing to set aside an order for the issuance of an execution. N. P. Conrey, Judge.

The facts are stated in the opinion of the court.

McNutt & Hannon, Will D. Gould, and James H. Blanchard, for Appellant.

Louis Luckel, and J. W. McKinley, for Respondent.

McFARLAND, J.—On April 2, 1891, plaintiff recovered a money judgment against defendant for three thousand nine hundred and sixty dollars, with interest and costs. Nothing was done with respect to said judgment for several years after its entry. In August, 1894, the plaintiff died, and afterwards Sophie B. Weldon was duly appointed his administratrix. On April 10, 1905, which, of course, was more than five years after the entry of the judgment, the administratrix moved the court that an order of execution issue on said judgment under sections 685 and 686 of the Code of Civil Procedure; and on the same day such order was made by the court. The order was made without notice to defendant, who thereafter moved to set the order aside. The motion was denied by the court, and from the order denying it the defendant appeals.

Down to April 9, 1895, section 685 was as follows: "In all cases, other than for the recovery of money, the judgment may be enforced or carried into execution after five years from the date of its entry, by leave of the court, upon motion, or by judgment for that purpose, founded upon supplemental pleadings."

On April 9, 1895, the section was amended by omitting the words "other than for the recovery of money" and leaving the section to apply to all cases; and it was also further amended by adding the following: "but nothing in this section shall be construed to revive a judgment for the recovery of money which shall have been barred by the statute of limitations at the time of the passage of this act." Now, appellant contends that this amendment is not applicable to the judgment involved in the case at bar, because to so apply

it would be to hold it to be retroactive, and a statute is not to be construed as retroactive unless that meaning clearly appears upon its face. But, really, we do not see how any question arises here as to the retroactive operation of said amendment of April 9, 1895, to section 685. At the time of that amendment the said judgment in *Weldon* v. *Rogers* was an existing judgment not barred by the statute of limitations, and in full force and effect. The amendment was not in the nature of a revival of that judgment; it did not need revival. The applicability of the amendment to that judgment, as well as to all other live judgments existing at that time, is not, therefore, of retroactive applicability. However, the provision in the amended act that "nothing in this section shall be construed to revive a judgment for the recovery of money which shall have been barred by the statute of limitations at the time of the passage of this act" clearly shows that the intent of the legislature was that it should apply to all judgments which had not been barred by the statute of limitations at the time of said amendment.

And there is no doubt of the constitutional power of the legislature to make the amendment. It was, in principle and effect, in the nature of an extension of the period of limitation of an action, and such extension is always valid when made before the former period of limitation had expired. A judgment debtor, or one against whom any cause of action exists, is subject to any change of the statute of limitations touching such judgment or other cause of action, if made before the action shall have been barred under the former law. In *Swamp Land District* v. *Glide,* 112 Cal. 90, [44 Pac. 452], this court said: "But a man has no vested right in the running of the statute of limitations until it has completely run and barred the action. And when a change in the statute is made during the time of its running, that time is not a credit to the defendant under the new law. The whole period contemplated by the new law must lapse to bar the action. Such are the general rules applicable alike to criminal and civil actions, unless the new act itself expresses a contrary intent." (Citing cases.)

2. Appellant also makes the point that the administratrix could procure the allowance of the issuance of the execution only by means of a regular action at law. This contention is

mainly founded on the early case of *Humiston* v. *Smith,* 21 Cal. 130, where it was held that the old writ of *scire facias* was not recognized in this country, and that as there was then no other procedure for the enforcement of a judgment after five years, it could be done only by a civil action. But afterwards section 686 of the Code of Civil Procedure was enacted, which provides that ''Notwithstanding the death of a party after the judgment, execution thereon may be issued, or it may be enforced as follows: 1. In case of the death of the judgment creditor, upon the application of his executor, or administrator, or successor in interest.'' This provision was intended to afford, and does afford, a simple and summary mode of enforcing a judgment and avoids the unnecessary delay and expense consequent upon using the machinery and formalities of a regular civil action. In section 685, which apparently applies to the original judgment debtors, it is provided that execution may issue after five years by leave of court ''on motion''; while in section 686, which applies to administrators or successors in interest, the word used is ''application'' of plaintiff's successor. The words ''motion'' and ''application'' are really the same thing; ''an application for an order is a motion.'' (Code Civ. Proc., sec. 1003.) In our opinion, the administratrix in the case at bar properly followed the procedure prescribed in section 686.

The order appealed from is affirmed.

Lorigan, J., and Henshaw, J., concurred.

Hearing in Bank denied.