[L. A. No. 2200.  In Bank.—August 27, 1908.]

## In the Matter of the Estate of HUGH PATRICK McGEE, Deceased.

HOMESTEAD—SELECTION FROM SEPARATE PROPERTY OF HUSBAND WITH-
OUT HIS CONSENT—DEVOLUTION OF TITLE.—Under section 1474 of the Code of Civil Procedure, as amended April 16, 1880, providing in effect that when a homestead is declared by a wife upon the separate property of the husband, without his consent, it vests upon his death in his heirs, the word "heirs" cannot be construed to include "devisees." Upon the death of the husband, the title to the homestead so selected vests in his heirs at law, and is withdrawn from the dispositions made by his will.

ID.—CONFLICTING CODE PROVISIONS — LATEST ENACTMENT CONTROLS.—
Section 1474 of the Code of Civil Procedure, as amended April 16, 1880, providing for the devolution of the title to such a homestead, is the latest expression of the legislative will upon that subject, and supersedes the conflicting provisions of section 1265 of the Civil Code, as amended April 6, 1880, providing that upon the death of the person whose property was selected the homestead goes to his heirs or devisees.

APPEAL from a decree of the Superior Court of Santa Barbara County distributing the estate of a deceased person. S. E. Crow, Judge.

The facts are stated in the opinion of the court.

Henry B. Lister, and Richards & Carrier, for Appellants.

A. J. Bledsoe, for Respondent.

SLOSS, J.—Hugh Patrick McGee died testate in January, 1902, leaving a widow, Catherine McGee, and six children, all of whom were over the age of majority. His estate consisted in part of a tract of 154.89 acres of land in Mendocino County, which was his separate property. During the lifetime of the decedent, his wife, Catherine McGee, had made a declaration of homestead upon this land. The decedent did not join in the selection and declaration. The will devised all of the testator's estate to his six children in equal shares. It was duly admitted to probate in the superior court of Santa Barbara County, and at the close of administration a decree was made distributing the homestead tract to the heirs of the decedent, in the proportion of one third to the widow and two thirds to the surviving children and to the heirs of those of them who had died pending the administration of the estate.

The executor and the distributees other than the widow appeal from the decree of distribution.

The claim of appellants is that, as devisees, they were entitled to have the homestead property distributed to them, to the exclusion of the widow. Section 1265 of the Civil Code, upon which the appellants place their reliance, provides that a homestead selected as was the one in the case at bar goes, upon the death of the person whose property was selected, to his *heirs or devisees.* On the other hand, the rule laid down by section 1474 of the Code of Civil Procedure is that the homestead, in such case, vests in the *heirs* of the person from whose property it was selected. The word "heirs" cannot be construed to include "devisees," and section 1474 therefore operates, as was said in construing similar language in section 1468 of the Code of Civil Procedure, "to vest the title to the homestead in the heirs at law, and so to withdraw it from the disposition made by the testator under his will." (*In re Walkerly,* 108 Cal. 627, 655, [49 Am. St. Rep. 97, 41 Pac. 772].)

The turning point of the case is, then, whether section 1474 of the Code of Civil Procedure or section 1265 of the Civil Code shall control where their provisions are conflicting. The question thus presented is no longer an open one in this court.

In *Weinreich* v. *Hensley,* 121 Cal. 647, [54 Pac. 254], we said "The devolution of the title to the homestead premises in case of the death of one of the spouses is provided for in section 1265 of the Civil Code, and also in section 1474 of the Code of Civil Procedure. The latter section was amended ten days later than the section of the Civil Code, and is to be regarded as the latest expression of the legislative will." Again in *Estate of Fath,* 132 Cal. 609, [64 Pac. 995], it is said that "this section (1474), in its present form, is the latest expression of the legislative will upon the subject, and supersedes the provisions thereon in section 1265 of the Civil Code. (*Weinreich* v. *Hensley,* 121 Cal. 647, [54 Pac. 254])." If there be any merit in appellants' contention that the declaration in the Weinreich case was not necessary to the decision, this point certainly cannot be urged as affecting the authoritative force of *Estate of Fath.* There the superior court had denied a petition of the devisees for distribution, and it was essential to a disposition of the appeal to determine whether the case was governed by the section which gave to the devisees an interest in the homestead property, or by that which vested the homestead in the heirs. It must be taken to be settled that the two code sections cannot be harmonized, and that, as between them, effect is to be given to the later enactment.

On the question of which is to be regarded as the later, the appellants seek, however, to distinguish the Fath case. The two sections under consideration were last amended in 1880. These are the amendments referred to in *Weinreich* v. *Hensley.* Prior to the amendments of 1880, these sections had been amended in 1874, the amendment of section 1474 antedating that of section 1265 by six days. The amendment of 1880 made no substantial change in section 1265 of the Civil Code. Section 1474 of the Code of Civil Procedure, as amended in 1874, provided that a homestead, if selected from community property, vested, on the death of one of the spouses, in the survivor, while, if it was selected from the separate property of one of the spouses, it vested, on the death of that one, in his or her heirs. The amendment of 1880 made no change in the case of homesteads selected from community property, but with reference to homesteads selected from separate property, it distinguished between those selected by, or with the consent of, the owner of the property, and those selected by one of the

spouses without the consent of the other. Those of the former class were made to go to the survivor; of the latter, to the heirs of the person from whose property the selection had been made. Thus, the only change made by the amendment of 1880 to section 1474 was with relation to homesteads selected from separate property where the owner of the property made the selection or joined in it. Such a homestead was involved in *Estate of Fath*. But here we have a case of a homestead selected by the wife from the separate property of the husband without his consent. Such property went to the heirs by the provisions of section 1474 before as well as after the amendment of 1880. Under the rule declared in section 325 of the Political Code, the portions of an amended section which are not altered "are to be considered as having been the law from the time they were enacted, and the new provisions are to be considered as having been enacted at the time of the amendment." (*Central Pac. R. R. Co.* v. *Shackelford*, 63 Cal. 261; *Swamp Land Dist.* v. *Glide*, 112 Cal. 85, [44 Pac. 451].) Therefore, appellants argue, while section 1474 may be regarded as newly enacted in 1880 in so far as it deals with succession to homesteads selected from separate property by or with the consent of the owner (as in the Fath case), it must be considered as a mere continuation of existing law in so far as it declares the right of succession to homesteads selected from separate property without the consent of the owner. As to such cases we are, it is claimed, thrown back to the amendments of 1874, whereby the two sections under discussion were first made to contain the conflicting provisions now found in them with reference to homesteads selected from the separate property of a non-consenting spouse by the other. The amendment of 1874 to section 1265 was approved six days later than that to 1474, and it is argued that the provision of section 1265, vesting the homestead in the "heirs or devisees," was the later and therefore the controlling enactment with reference to cases like the one before us. But this argument, while ingenious, is seen, upon consideration, to destroy itself. The ground upon which a later enactment is made to overcome an earlier conflicting one is that it is a repeal, by implication, of the earlier. If, in 1874, the amendment of section 1265 repealed the conflicting provision introduced into section 1474 six days earlier, the latter provision ceased to be the law. The

rule that an amendment of a law is to be deemed a continuation of the portion not changed can have application only to existing laws, not to those that once existed, but have been repealed. In 1880 the provision that a homestead selected from separate property without the owner's consent vested in his or her heirs had not been the law, according to appellants' contention, for six years. The amendment of the section must be regarded as a new enactment as to everything which was not, at the time of the amendment, a living statutory rule. The case is not, therefore, distinguishable from *Estate of Fath,* and the court below rightly held that the homestead property passed to the heirs of the decedent rather than to his devisees.

One point remains. Clara C. Parrent, one of the six children of the testator, died intestate during the administration of her father's estate, leaving a husband, Louis Parrent, but no children. By the decree the court awarded to her surviving husband only one third of her share, instead of one half, to which, under subdivision 2 of section 1386 of the Civil Code, he was entitled. The cause must be remanded for the correction of this error, by reason of which the shares of all the heirs, except the widow, were increased at the expense of Louis Parrent. But, inasmuch as this is a matter affecting only the rights of the appellants among themselves, and in no wise concerning the widow, no costs should be allowed to appellants on this appeal.

The cause is remanded with directions to the superior court to enter a decree in accordance with the views herein expressed. The appellants shall not recover costs of appeal.

Angellotti, J., Shaw, J., Henshaw, J., Lorigan, J., and Beatty, C. J., concurred.