[S. F. No. 11567. In Bank.—May 25, 1926.]

DAVIS & McMILLAN (a Corporation) et al., Petitioners, v. INDUSTRIAL ACCIDENT COMMISSION et al., Respondents.

[1] STATUTE OF LIMITATIONS—AMENDMENT BY LEGISLATURE—VESTED RIGHTS—TIME.—A person has no vested right in the running of a statute of limitations unless it has completely run and barred the action. Before the action is barred by the statute the legislature has absolute power to amend the statute and alter the period of limitations prescribed therein, subject only to the requirement that a reasonable time must be allowed for the prose-

1. See 16 Cal. Jur. 398; 17 R. C. L. 674.

cution of an action or proceedings after the passage of an amendment shortening the period.

[2] ID.—ENLARGEMENT OF PERIOD—EFFECT UPON PENDING CAUSES OF ACTION—VESTED RIGHTS.—An amendment to a statute of limitations enlarging the period of time within which an action can be brought as to pending causes of action is not retroactive legislation and does not impair any vested right.

[3] WORKMEN'S COMPENSATION ACT—1923 AMENDMENT OF SUBSECTION (E) OF SECTION 27 — EFFECT UPON PRIOR RELEASE — STATUTE OF LIMITATIONS.—Under subsection (e) of section 27 of the Workmen's Compensation Act, as amended in 1923, an injured employee has two years from the receipt of his injury within which to file proceedings for collection of benefits provided by subsection (a) of section 9 of said act, notwithstanding that prior to the amendment becoming effective, he released the employer's insurance carrier from liability, where such release was for an amount less than the full compensation to which he was entitled and was not approved by the Industrial Accident Commission, and his right to commence proceedings under other provisions of the statute had not yet outlawed when said amendment became effective.

[4] ID.—APPLICABILITY OF SUBSECTION (E) OF SECTION 27—EXTENT OF.—Subsection (e) of section 27 of the Workmen's Compensation Act, as amended in 1923, applied not only to claims that might arise in the future but also to all existing claims not then barred by the statute of limitations.

[5] ID.—STATUTORY CONSTRUCTION.—There is no merit in the suggestion that subsection (e) of section 27 of the Workmen's Compensation Act, as amended in 1923, is in the nature of a penalty and should therefore be strictly construed as applicable to only such claims as might arise subsequent to its going into effect.

[6] ID.—WHAT BENEFITS SUBSECTION (E) OF SECTION 27 APPLIES TO.—Subsection (e) of section 27 of the Workmen's Compensation Act extends the period of limitation two years for the collection only of medical benefits as provided by subsection (a) of section 9 of said act and does not apply to disability payments provided by subsection (b) of said section 9.

(1) 12 C. J., p. 978, n. 97, p. 980, n. 10.   (2) 12 C. J., p. 978, n. 94, p. 980, n. 10.   (3) C. J., p. 55, n. 8.   (4) C. J., p. 106, n. 43.   (5) C. J., p. 106, n. 50.   (6) C. J., p. 100, n. 76.

PROCEEDING in Certiorari to annul an award of the Industrial Accident Commission in favor of an injured employee. Award annulled.

2.  See 17 R. C. L. 672.

The facts are stated in the opinion of the court.

R. P. Wisecarver and Redman & Alexander for Petitioners.

Warren H. Pillsbury for Respondents.

CURTIS, J.—This proceeding comes before this court at this time after the granting of the motion of respondents for a rehearing thereof. In the decision upon the former submission the award of the Industrial Accident Commission in favor of the employee Pulliam was annulled by this court on the ground that his claim for benefits instituted against his employer and the insurance carrier was barred by certain provisions of the Workmen's Compensation Act (Stats. 1917, p. 831) and "that said subsection (e) of section 27 did not have the effect of extending the statute of limitations on Pulliam's claim against the petitioners; and, as a consequence, that it was outlawed, at the time he instituted proceedings for the collection of his claim." At the time of the consideration of the petition for rehearing of said cause a serious doubt arose in the minds of the members of this court as to the correctness of this conclusion and for this reason said petition for a rehearing was granted. After a further consideration of this question we are now of the opinion that the effect of subsection (e) of section 27 of said act (Stats. 1923, p. 771) was to extend the statute of limitations in favor of Pulliam, and that as extended the statute was not a bar to the prosecution of his entire claim against the petitioners herein. To a large extent, however, the opinion of the court at the former hearing, written by Mr. Justice Houser, sitting as justice *pro tem.*, contains a correct expression of our present views of the questions considered therein, and that portion of said opinion to which we now adhere and hereby adopt is as follows:

"On January 11, 1923, a man by the name of Pulliam, who prior to that time had been in the employ of petitioner Davis & McMillan, was severely injured in an accident. It is admitted that the accident occurred within the scope of the employment and that Pulliam was entitled to certain benefits accruing to him by virtue of the provisions

of the Workmen's Compensation Act (Stats. 1917, p. 831, as amended, Stats. 1919, p. 910, and Stats. 1923, pp. 165, 375, 438, 770 and 772).

"On February 15, 1923, which was a few days more than one month after the accident occurred, in consideration of the sum of $41.66 paid by petitioners to Pulliam on account of accrued compensation, and the further sum of $750 paid to Pulliam by petitioners, Pulliam executed a release to petitioners from 'all liability arising out of the injury.'

"On June 17, 1924, Pulliam instituted proceedings before the Industrial Accident Commission for the collection of benefits under the provisions of said Workmen's Compensation Act, and which proceedings resulted in a finding by that body, among other things, that

" 'Said injury caused temporary total disability continuing from the date thereof indefinitely entitling the employee to $20.83 a week during said time, exclusive of the waiting period of seven days. The foregoing weekly benefit is based upon maximum wages. The employee is in need of further medical, surgical and hospital treatment to cure and relieve him from the effects of said injury, and the insurance carrier is liable to furnish the same.'

"An award was thereupon made by the Industrial Accident Commission 'in favor of Bob Pulliam against Columbia Casualty Company, a corporation, of $20.83 a week beginning January 19, 1923, less all sums heretofore paid as compensation, and until termination of disability or the further order of this Commission.'

"A petition for rehearing was denied by the Commission; and by a writ of certiorari petitioners seek to have this court review the entire proceeding.

"Section 11 (b) (1) of the statutes of 1917, page 831, as amended by a statute of 1919, page 910, places a limit upon the time within which a proceeding of this nature and character may be commenced for the collection of benefits to which an injured person may be entitled, of six months from the date of the injury; but by section 11 (c) of said statute it is provided, in substance, that a payment of compensation, or any part thereof, or agreement therefor, shall have the effect of extending the period within which such proceedings may be commenced, six months from the expiration of the period covered by any such payment,

"Assuming that the amount of $750 plus the $41.66 paid by petitioners to appellant was a payment of compensation at the rate of $20.83 a week as provided by the findings of the Commission, the six months' limitation would not commence to run until October 12, 1923, and therefore April 12, 1924, would be the last day upon which he would be entitled to institute proceedings for the collection of benefits. On August 17, 1923, however, which was prior to the time when the right to commence proceedings would have outlawed, a statute (Stats. 1923, p. 770) amending section 27 of the original statute of 1917, page 831, became effective, Among the various sections of the amended statute are the following provisions:

" '(b) The compensation herein provided shall be the measure of the responsibility which the employer has assumed for injuries or death that may occur to employees in his employment when subject to the provisions of this act, and no release of liability or compromise agreement shall be valid unless it provide for the payment of full compensation in accordance with the provisions of this act or unless it shall be approved by the commission.

" '(e) Where a release or compromise is made for an amount less than the full compensation or benefit to which an employee, or his dependents, may be entitled under this act, the limitation of time provided by sections (b) (1) and (b) (2) of section eleven of this act in which such employee or his dependents may file proceedings for the collection of the benefits provided by subsection a of section nine is hereby extended to two years from the date of the injury, unless said release or compromise agreement shall have been approved by the commission.'

"It is not denied by the parties hereto either that the release by Pulliam to petitioners was obtained for 'less than full compensation,' or that the release was not approved by the Industrial Accident Commission; and it is the contention of the respondents that by virtue of the terms of the statute (Stats. 1923, p. 770) the time allowed Pulliam for commencing proceedings against petitioners herein for the collection of benefits was thereby extended two years after January 11, 1923, the date of the injury.

"It will be noted that the statute extending the time to two years after the date of the injury in case a release was

obtained for 'less than full compensation' or because such release was not approved by the commission, became effective prior to the time when Pulliam's right to commence the action would have outlawed under the other provisions of the statute. (Sec. 11 (c), Stats. 1917, p. 831.) The petitioners' contention that the legislature had no power to thus extend the statute of limitations as to a claimed vested right to have the statute become operative on a certain date, is answered by the rule announced in principle in the case of *Doehla* v. *Phillips*, 151 Cal. 488 [91 Pac. 330], that prior to the time that the statute of limitations has expired on a right to maintain an action or proceeding on a claim of any kind, the legislature has the power to extend the time before such action will be outlawed. To the same effect is *Weldon* v. *Rogers*, 151 Cal. 432 [90 Pac. 1062], and *Swamp Land Dist.* v. *Glide,* 112 Cal. 85 [44 Pac. 451].

"But petitioners urge that because the language of the statute is that 'Where a release is made' etc., the consequences flowing therefrom relate only to a release made after the act took effect, for the asserted reason that the words 'is made,' which indicate the present tense, 'would apply to releases and compromises made in the future.' It is also suggested by the petitioners that if the legislature had intended to have subdivision (e) of section 27 of the statute of 1923, page 770, (heretofore quoted herein), apply to releases which had been made before the act was to become effective, the legislature would have used such an expression as 'where a release or compromise *has been made.'* It may be noticed, however, that further language of the statute (section 27 (e)) is that 'The limitation of time . . . is hereby extended to two years'; and it well may be argued therefrom that if the intention of the legislature was that the limitation was to affect releases made after the act became effective, instead of using the words 'is hereby extended,' it would have used the words 'shall be extended.' ''

[1] It is clear from the decisions of the court of this state as well as those of other jurisdictions that a person has no vested right in the running of a statute of limitations unless it has completely run and barred the action. Before the action is barred by the statute the legislature has ab-

solute power to amend the statute and alter the period of limitations prescribed therein, subject only to the requirement that a reasonable time must be allowed for the prosecution of an action or proceedings after the passage of an amendment shortening the period (*Doehla* v. *Phillips,* 151 Cal. 488 [91 Pac. 330]; *Swamp Land Dist.* v. *Glide,* 112 Cal. 85, 90 [44 Pac. 451]; *Crothers* v. *Edison Electric Co.,* 149 Fed. 606, 609; 5 Cal. Jur. 755; *Vance* v. *Vance,* 108 U. S. 517 [27 L. Ed. 808, 2 Sup. Ct. Rep. 854]; 19 Am. & Eng. Ency. of Law, 2d ed., pp. 167, 168, 171; 36 Cyclopedia of Law (Cyc.), 1201). [2] It is equally well settled that an amendment to a statute of limitations enlarging the period of time within which an action can be brought as to pending causes of action is not retroactive legislation and does not impair any vested right (*Weldon* v. *Rogers,* 151 Cal. 432 [90 Pac. 1062]; *Allen* v. *Allen,* 95 Cal. 184 [16 L. R. A. 646, 30 Pac. 213]; *Kerchoff-Cuzner Mill & Lumber Co.* v. *Olmstead,* 85 Cal. 84 [24 Pac. 648]). In *Weldon* v. *Rogers, supra,* page 433, the court said: "Now, appellant contends that this amendment is not applicable to the judgment involved in the case at bar, because to so apply it would be to hold it to be retroactive, and a statute is not to be construed as retroactive unless that meaning clearly appears upon its face. But, really, we do not see how any question arises here as to the retroactive operation of said amendment of April 9, 1895, to section 685. At the time of that amendment the said judgment in *Weldon* v. *Rogers* was an existing judgment not barred by the statute of limitations, and in full force and effect. The amendment was not in the nature of a revival of that judgment; it did not need revival. The applicability of the amendment to that judgment, as well as to all other live judgments existing at that time, is not, therefore, of retroactive applicability." In 36 Cyclopedia of Law (Cyc.), page 1201, the rule is laid down in the following language: "A retroactive or retrospective law, in the legal sense, is one that takes away or impairs vested rights acquired under existing laws, or creates a new obligation, imposes a new duty or attaches a new disability in respect to transactions or considerations already past. Retrospective laws, in their general sense, include *ex post facto* laws, and laws impair-

ing the obligation of contracts, but the term 'retrospective' is frequently used as applicable only to civil laws by way of distinguishing them from *ex post facto* laws. Retrospective statutes are usually considered to embrace only those which relate to substantial rights, as those which destroy or impair an existing right, or give a right which never before existed; and statutes which affect remedies only are not within the scope of the inhibition against retrospective laws, unless the remedy is entirely taken away, or is encumbered with conditions which render it impracticable." Again, on page 1213 of the same volume, we find the following: "The presumption against the retrospective construction of statutes is founded on the principle that they should not be given such a construction as will make them unconstitutional or unjust, and therefore as a general rule does not apply to statutes that relate merely to remedies and modes of procedure. The legislature has full control over the mode, times, and manner of prosecuting suits; and whenever, upon consideration of an entire statute relating to these matters, it appears to have been the legislative intent to make it retroactive, it will be given this effect. A retroactive effect has accordingly been given statutes . . . relating to the limitation of actions . . . " As to the effect upon existing claims or causes of action of a general statute of limitation, Wood on Limitations lays down the rule as follows: "If before the statute bar has become complete the statutory period is changed, and no mention is made of existing claims, it is generally held that the old law is not modified by the new so as to give to both statutes a proportional effect; but that the time past is effaced and the new law governs. The period provided by the new law must run on all existing claims in order to constitute a bar." (1 Wood on Limitations, sec. 12, p. 59.) The rule enunciated by this author is relied upon by the court in *Crothers* v. *Edison Electric Co., supra.* Judge Wolverton, in rendering the opinion in the last-named case, quoted with approval the following language from *Sohn* v. *Watterson,* 17 Wall. 596 [21 L. Ed. 737, see, also, Rose's U. S. Notes]: "When a statute declares generally that no action, or no action of a certain class, shall be brought, except within a certain limited time after it shall have ac-

crued, the language of the statute would make it apply to past actions as well as to those arising in the future.''

[3, 4] From the foregoing authorities it appears to us that there can be no question but that subsection (e) of section 27 of the Workmen's Compensation Act extended the time within which proceedings could be instituted in the case of an ineffectual settlement like that made by the insurance carrier herein with Pulliam to two years after the receipt of the injury, and that such amendment applied not only to claims that might arise in the future but also to all existing claims not then barred by the statute of limitations. Pulliam was injured, as we have seen, January 11, 1923. He would therefore have had until January 11, 1925, within which to commence proceedings upon his claim. As this proceeding was commenced on June 17, 1924, it was in time and the statute of limitations then in force was not a bar to the prosecution thereof.

[5] There is no merit, in our opinion, in the suggestion of petitioners that subsection (e) of section 27 is in the nature of a penalty and should therefore be strictly construed as applicable to only such claims as might arise subsequent to its going into effect. Aside from the general provisions of said act (sec. 69, subd. [a] ) requiring courts to liberally construe its terms, other good reasons occur to us why we should not place any strict and technical interpretation upon said subdivision (e) of section 27. This subsection only applies to a release or settlement made for an amount less than the full compensation or benefit to which an employee or his dependents may be entitled under said act. It must be obvious, therefore, that no employee would make a settlement for less than he was entitled to except through ignorance of his rights. If ignorant of his rights as to the amount of compensation to which he would be entitled he may also be ignorant of any right on his part to institute a proceeding to recover compensation. Having made a purported settlement he would be less liable after such settlement to seek advice and ascertain his rights under the statute than he would have been had no settlement been entered into by him. It is a wise and humane provision of the law to permit such a person under such circumstances additional time in which to act in order to protect his rights. This is particularly so when the only persons who can possibly object to such a construction are those who have taken

advantage of his ignorance and imposed upon him an unjust settlement.

Were these the only questions to be considered it would be our duty to enter an order denying the petition and affirming the award. It is conceded, however, by the parties hereto that the award in favor of Pulliam is excessive. [6] By reference to several sections of the Workmen's Compensation Act it will be readily seen that subsection (e) of section 27 extends the period of limitation two years for the collection only of medical benefits as provided by subsection (a) of section 9 of said act and does not apply to disability payments provided by subsection (b) of said section 9. The Commission found that the injury sustained by Pulliam caused temporary total disability and made an award for compensation based thereon. It further found that "the employee is in need of further medical, surgical and hospital treatment to cure and relieve him from the effects of said injury and the insurance carrier is liable to furnish the same." As the extension of the limitation contained in subsection (e) of section 27 did not apply to disability compensation provided for under subsection (b) of said section 9, Pulliam's claim therefor was barred at the time of the commencement of said proceedings before the Industrial Accident Commission, and the award of the Commission in his favor for this reason must be annulled. But as Pulliam's claim for medical, surgical, and hospital treatment was not barred by any provision of the Workmen's Compensation Act, he still has the right under the terms of said act and the findings of the Commission, as to his claim for further medical, surgical, and hospital treatment, to prosecute the same before said Commission. It is therefore ordered that said award be and the same is hereby annulled, without prejudice, however, to the right of said Pulliam to further prosecute before said Commission his claim against said insurance carrier for medical, surgical, and hospital treatment.

Seawell, J., Waste, C. J., Shenk, J., Lennon, J., Cashin, J., *pro tem.,* and Richards, J., concurred.