## Bigelow v. Reeves, Com'r of Revenue, et al.

Feb. 28, 1941.

As Modified on Denial of Rehearing March 28, 1941.

J. Macauley L. Smith for appellant.

S. L. Greenbaum, Amicus Curiae.

Hubert Meredith, Attorney General, and Jesse K. Lewis, Assistant Attorney General, for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

The appellant, Rachel M. Bigelow, was, throughout the period involved in this litigation, a citizen, resident and tax payer in Jefferson County, Kentucky; while defendants are officials, being members of the Kentucky Tax Commission. At the assessing periods for ad valorem taxes for the years 1927 to and including 1936 plaintiff owned, as a part of her entire estate, intangible property of the value of $300,000, which she omitted and failed to assess for any of those years, and she, therefore, paid no taxes on such omitted property throughout that ten year period.

Our present income tax law was passed at the Third Extra Session of 1936, c. 7, and became effective August 7th of that year. Its Section 3 (now Section 4281b-3 of Baldwin's 1936 Revision of Carroll's Kentucky Statutes), prescribes for deductions that may be made from income received by the tax payer for the year prior to the one in which the schedule required by the income tax act is due to be made and returned, with payment of taxes due. At a later and fourth Extra Session held during the same year there was enacted Chapter 21, appearing on page 149 of the published acts for that Session, which repealed certain enumerated sections of our statute relating to revenue and taxation, and amended others relating to the same subject. A part of such amendments so enacted at that special session was and is one extending to the delinquent tax payer, who had theretofore omitted assessing his property for ad valorem taxes, the privilege of appearing before the State Revenue Department of the Commonwealth and retroactively assess his theretofore omitted property, provided it be done within four months after the effective date of that act, and to then pay the accumulated taxes due on such omitted assessments, with 6% annual interest thereon, within thirty days after making such assessment. If so done by the tax payer he thereby became relieved of all penalties and other costs then imposed by law for such refusals or omissions to assess his property, which penalty at that time was 100%.

Within the time prescribed by that statute appellant assessed her $300,000 of omitted property, which she had withheld from assessment for the preceding ten years and within the thirty days thereafter (sometime in January, 1937), she paid all back taxes due thereon, with 6% annual interest, amounting to $20,067.15.

Sometime before the date for filing her schedule in 1938 of income for the year 1937, with legal deductions therefrom showing net income upon which her income tax was calculated, she prepared her schedule, form No. 740, in which she sought a deduction from her gross income for the preceding year of 1937 the amount of delinquent taxes which she paid in the year 1937 on the retroactive assessment for the ten year period referred to, in which she had omitted to assess her property or to pay the taxes thereon at the dates and times prescribed by law throughout that omitted period, and which amount, if allowed, reduced her net income for the year 1937 below the amount upon which income taxes are assessable, thereby making her entire net income for the year 1937 exempt from income taxes.

When that report was filed, appellant was notified by the State Revenue Department to appear before it and show cause why the deduction should not be stricken from her schedule as made out by her, since the Commission was of the opinion that it was not a proper deductible item under the terms of the income tax law. At that hearing the reduction was disallowed by the Revenue Commission, and appellant appealed therefrom to the Franklin circuit court. At the hearing therein it was adjudged that she was not entitled to the deduction claimed by her and the ruling made by the Revenue Commission was affirmed. From that judgment she prosecutes this appeal.

A part of the income tax statute (now Section 4281b-3 of Baldwin's 1936 Revision of Carroll's Kentucky Statutes) provides for deductions to which the tax payer is entitled from his gross income during the year previous to the making of his schedule in order to ascertain the net income upon which the tax is levied and collected. Subsection (c) of that section says: "Property taxes, poll taxes, and franchise or license taxes paid to the Commonwealth of Kentucky, its taxing subdivisions, or its municipalities; and income taxes paid to the United States."

Appellant, therefore, insists that the contested deduction in this case was an item consisting entirely of "property taxes," and that her right to make the deduction on her 1938 schedule is literally within the terms of the inserted subsection (c) of the statute and, therefore, the ruling of the Revenue Commission, as well as

834

the judgment of the Franklin circuit court, are each erroneous. The appellees, in combating that contention, make three arguments: (1) That the general scheme plainly portrayed throughout the income tax statute is that its provisions shall be applied upon the annual basis, and that deductions from gross income for any of the items contained in the list of deductions means only those accruing and paid during the year for which they are claimed, and that, since none of the deduction here insisted on accrued and became a tax obligation on the part of the tax payer within the year 1937 pursuant to the statute referred to (and which has come to be known as the "Grace Statute"), appellant is not entitled to it; (2) that the entire deduction item contended for by appellant represented taxes which she was under obligation to pay, as accruing throughout a period of years, each and all of which ante-dated the enactment of the income tax statute, and that it was not the intention of the legislature in creating deductions in the latter statute to retroactively reach back and incorporate as a proper deduction any unpaid taxes for the years preceding the enactment of the income tax statute, but the statutes should run concurrently, and (3) that, even should insistences and arguments (1) and (2) be disregarded for any reason—either as being unsound or upon any other ground—then appellant should not be allowed the deduction she claims because it is founded and rests upon her own wrong in failing to assess her property and pay the taxes due thereon at the periods provided throughout the omitted period of ten years, and which argument is upon the ground that no one can take advantage of his own wrong, and that one coming into equity must do so with clean hands, and must also do equity.

There is an apparent contrariety of opinions among the courts before which the question has been presented with reference to insistence (1), and reasons are assigned by the courts rendering such contradictory opinion more or less sustaining the conclusion reached by the court, whether upon the one side of the question or the other. We have, therefore, concluded to pass it without expressing our conclusion upon its proper determination, and for which reason we will not refer to the cases in which the contrariety of conclusions appear.

Insistence (2) has much logic to support it. It does not appear to ever have been decided by any court, and

which fact is expressly admitted in briefs of respective counsel filed in this case. It appears from the whole of the income tax statute that it was not intended to embrace retroactively any of the rights or obligations dealt with therein, but that on the contrary all of its provisions should have a prospective operation. It should also be remembered in connection with both insistences (1) and (2) that deductions allowable from the gross income—as provided in the income tax statute— are in the nature of exemptions, and it is the settled law that exemptions from taxation when permitted by the laws of the particular jurisdiction are strictly construed against the property owner, and in favor of the taxing authority. That general rule is broadly stated in the text of 61 C. J. page 391, Section 395, and following sections, wherein it is expressly stated: "The burden is on the claimant to establish clearly his right to exemptions, bringing himself clearly within the terms of such conditions as the statute may impose." All other text writers on the subject of taxation announce the same undeviating rule, and we have approved it in an almost unlimited number of decisions, one of the latest of which is Gray v. Methodist Episcopal Church, South, 272 Ky. 646, 114 S. W. (2d) 1141, the opinion in which cites many other domestic cases to the same effect.

Also, as supporting insistence (1) supra, the law seems to be that provisions for exemption from taxation—unless otherwise clearly appearing—will be given only a prospective operation and will not be construed as retroactive, as is declared in the text of the volume of C. J. supra, page 397, in the latter portion of its Section 396, under the sub-heading of "Retroactive Operation," under which the text says: "Generally speaking, whether property is exempt from taxation must be determined from the law in force at the time the lien from (for) taxes attaches, a constitution or statute granting an exemption from taxation being generally construed as prospective." That statement is also in accord with the declared law by both courts and text writers. Since, however, we are of the opinion that insistence (3) supra furnishes ample ground for denying the deduction herein claimed by appellant we have concluded not to render a final determination of insistence (2), and to base our opinion entirely and exclusively on insistence (3).

In opposition thereto appellant, through her coun-

836

sel—and by amicus curiae brief—makes the argument that, since appellant conducted her affairs on what is denominated in the income tax statutes as the "cash basis plan" she should, therefore, be entitled to the claimed deduction as being a cash item paid in the year 1937, regardless of when or because of whose fault it arose—whether in the ordinary course of lawful compliance with duty or by her own wrong in neglecting, by oversight, intentionally, or otherwise, to meet her tax paying obligations at the annual fixed dates in accordance with the law prevailing at such times, rather than to pile up and accumulate through her wrongful and negligent omissions a lump sum by which she seeks to be benefited under a statute enacted after she, by her wrongful and negligent acts, suffered and permitted the accumulation for which she seeks benefit and through which she would escape entire taxation under a statute later enacted for the prescribed taxing period of one entire year.

It is, furthermore, argued against the prevailing of insistence (3) that the statement and affidavit filed by appellant before the Revenue Commission—and also in the Franklin circuit court—expressly negatived any fraudulent or corrupt motive on her part in not assessing her property for the ten year period referred to, but that it occurred through bona fide oversight and mistake, and which averment was not replied to or in any manner denied. Therefore, it is argued that appellant committed no wrong for which she should be denied the relief she seeks. But the trouble with that argument is, that the omission to assess and pay the taxes on her property for the period she neglected to do so was nevertheless wrongful, although it may not have been done for a corrupt purpose, and being wrongful it was at least constructively fraudulent and, perhaps, might not ever have been corrected but for the enactment of the Grace Statute supra, through and by compliance with which appellant relieved herself of double the amount then due (being the amount of the then penalty) of her accumulated taxes throughout the long omitted period, and she thereby received her acquittance by the payment of the accumulated assessed amounts with 6% annual interest thereon. She was not only thus benefited to the extent of 100% of her assessed taxes on her omitted property for the years indicated, but to allow

her a deduction from her income tax assessment of the amount of those same taxes, as insisted on by her, will give her other relief to the extent of the same amount, all of which arose from her own delinquencies. We are thoroughly convinced that the income tax law contemplated no such consequences—or ever intended to provide for any such accumulated deduction—but on the contrary intended that no one guilty of such gross negligence (even if it can be characterized in no stronger terms) should be permitted to benefit by the wrong thus perpetrated. See Mitchell v. Leavenworth County, 91 U. S. 206, 23 L. Ed. 302. Of course, it is conceivable that in some circumstances the income tax payer might be entitled to deductions of taxes paid during the year or years previous to the making of his income schedule when the amount paid was an accumulated sum representing more than the amount of annual payments due— an illustration of which is when the tax payer in good faith contests his liability for the tax, or its amount, and the delay in payment results from such deferred determination by the courts or tribunals before which the disputed issues are submitted, and by which they are finally determined. In such a case most probably the payment would be a deductible item under our income tax law for the reason—and only for the reason—that the deferred payment was not due to any wrongful act or negligent act of the tax payer, but based on his bona fide belief that the particular tax, or some part of it, was illegal, and for which he was not liable therefor. The two situations are, to our minds, widely different and governed by entirely different legal principles, and because of which the rights of the parties should be and are also different.

Our ultimate conclusion, therefore, is that both the trial court and the Tax Commission were each correct in disallowing the deduction contended for by appellant, and the judgment is affirmed.