## Reeves, Commissioner of Revenue, v. Turner et ux.

Feb. 6, 1942.

Hubert Meredith, Attorney General, and H. Appleton Federa, Assistant Attorney General, for appellant.

Turner & Turner for appellees.

OPINION OF THE COURT BY JUDGE FULTON—Reversing.

In October, 1940, the Division of Income Tax of the Department of Revenue made a deficiency assessment against the appellees, Henry F. Turner, Sr., and his wife, in the amount of $680.80 for income tax for the calendar year 1936. At the time appellees were notified of this assessment they were also notified that they were liable for $308.69 in taxes due from a liquidating corporation of which Turner was a stockholder and from which he had received assets. The appellees, pursuant to Kentucky Statutes, Section 4281b-26, petitioned the Franklin Circuit Court for a review of and relief from the deficiency assessment and sought to enjoin the appellants from attempting to collect the deficiency assessment and the $308.69 item which the Department was proposing to require appellants to pay. The trial court granted the relief sought and the appeal is from that judgment.

The deficiency assessment and the $308.69 item originated in the following manner: The East Cairo Ferry Company was organized in 1929 with a capital stock of thirty shares, par value $100, and Turner owned nine and one-half shares. The Company purchased assets used in its business in 1929 at a cost of $27,774.05 and these assets were sold on October 31, 1936, for $64,250 yielding a net profit of $36,675.95. Subsequent to the sale of the assets the corporation was dissolved as of December 31, 1936. In this distribution appellees received $22,569.72 and of that the stock cost them $6,750. They reported $6,750 income from the distribution and the Income Tax Division added $9,069.72 to their net income as taxable income from this liquidating dividend.

The appellees, in their income tax return, deducted $2,151.67 for federal income tax paid during 1936 on income earned prior to 1935, which federal income tax should have been paid prior to 1936. The Income Tax Division disallowed this deduction, thereby adding this sum to taxable income.

The East Cairo Ferry Company owed income tax for the year 1936 which was not paid. The Income Tax Division notified appellees that they were looking to them for payment of $308.69, their proportionate part of the total tax due according to their holdings in the corporation.

The first item for consideration is the liquidating dividend received by appellees on the dissolution of the Ferry Company. By Section 4281b-2, Kentucky Statutes, dividends constitute taxable income and by Section 4281b-1 it is provided that the word "dividend" includes such portion of the assets of a corporation distributed at the time of dissolution as are in effect a distribution of earnings. Since the amount of liquidating dividends added to appellees' income represented only profit derived by the corporation from the sale of its assets, such profit necessarily falls within the category of "earnings" so that the liquidating dividend received by appellees from corporate earnings is on the face of the statute, taxable income. Appellees contend, however, that since by the provisions of Section 4281b-6 gains from the sale of capital assets held more than two years are not taxable no tax could be imposed on account of liquidating dividends received by them from the corporation representing such a gain. This contention appears to be wholly without foundation since the section relied on is sufficient only to prevent the imposition of tax *on the corporation* on account of gains received from capital assets held more than two years. The very purpose of Section 4281b-1, defining a dividend to include such portion of a liquidating dividend as is in effect a distribution of earnings, was to meet just such a situation as is here presented. If a liquidating dividend of the type involved here were not taxable as income to the stockholder, all dividends received by stockholders could be made to escape taxation by the process of having the corporation postpone a declaration of dividends over a period of years and then make distribution by the process of liquidation.

It is contended by appellees, however, that since Section 4281b-23 of the Statutes makes it the duty of the Department to apply as far as practicable the administrative and judicial interpretation of the federal income tax law and, since under the federal income tax law a distribution of assets of a corporation is considered as

a sale of capital assets, as held in Lynch v. Turrish, 247 U. S. 221, 38 S. Ct. 537, 62 L. Ed. 1087, there is no power in the Department to assess an income tax on liquidating dividends. The answer to this contention is that the federal income tax law and the income tax law of this state contain vitally different provisions on this subject. Under the federal law, as pointed out, the distribution of assets of a corporation is considered as a sale of capital assets but under our law such portion of the assets of a corporation distributed at the time of dissolution as are in effect a distribution of earnings are taxable as dividends. This distinction was pointed out under somewhat similar provisions of the Massachusetts income tax law and the New York income tax law in Boston Safe Deposit and Trust Company v. Commissioner of Corporations and Taxation, 262 Mass. 1, 159 N. E. 536 and People ex rel. Neisel v. Gilchrist et al., 219 App. Div. 650, 220 N. Y. S. 565, where the question of taxability of liquidating dividends was presented.

We have no doubt that it was the intention of the Legislature that a liquidating dividend of the character here involved should be a taxable item of income. Nor can the power of the Legislature be denied to define that accumulated profits, when distributed in the way of a liquidating dividend, shall be income when received by a stockholder. Boston Safe Deposit and Trust Co. v. Commissioner of Corporations and Taxation, supra. And it is not a valid objection to the tax that a portion of the gain derived by the corporation from the sale of its capital assets was represented by enhancement of value prior to the enactment of the taxing act. The taxable event is the receipt by the stockholder of the liquidating dividend even though some of it represented enhanced value to the corporation before the adoption of the income tax act. Fidelity and Columbia Trust Co. v. Reeves et al., 287 Ky. 522, 154 S. W. (2d) 337.

We turn now to a consideration of the deduction of $2,161.67 for federal income tax eliminated as a deduction by the Division of Income Tax. Income tax returns may be made on a cash received and cash paid out basis or on an accrual basis and, undoubtedly, the majority of taxpayers use the former method. Under Section 4182b-3 income taxes paid to the United States are allowed as a deduction and the statute is not specific as to whether it means federal taxes paid in the ordinary usual course

of business, that is, in the month of March, following the calendar year for which the federal return was made. However, Section 4182b-8 provides that income shall be computed upon the basis of the taxpayer's annual accounting period in accordance with the method of accounting regularly employed in keeping the books of the taxpayer, but if no such method has been employed, or if the method employed does not clearly reflect the true income of the taxpayer, the computation shall be made in such manner as in the opinion of the Department clearly reflects the true income. Considering these two sections together, it is our conclusion that while the Legislature was not specific as to what year's federal income taxes constituted a legal deduction, nevertheless it was not the intention of the Legislature to permit the deduction of income taxes paid to the United States which should have been, according to the ordinary and usual course of business, paid in a year prior to the effective date of the state taxing act as was the case here. The amount deducted by appellees should have been paid to the federal government in the year 1935, prior to the effective date of our act, and we think it was not the intention of the Legislature to permit a deduction of the character made by appellees even though the return was on a cash basis. The true income of appellees for the year in question was not reflected where such a deduction was made.

In Bigelow v. Reeves, 285 Ky. 831, 149 S. W. (2d) 499, it was held that provisions of the income tax act relating to deductions constitute provisions for exemptions and must be strictly construed against the taxpayer and where a taxpayer for a ten year period failed to pay ad valorem taxes and later assessed the omitted property and paid the back taxes she was not entitled to deduct the amount so paid since the taxpayer's failure to assess the property was wrongful and constituted a constructive fraud even if it was not done corruptly and the taxpayer was not entitled to take advantage of her own wrong. That case is strongly persausive here since the deduction sought to be taken represented a federal tax which the taxpayer should have paid prior to the effective date of our taxing act and which, if so paid, could never have been used as a deduction. It is our conclusion that the Income Tax Division properly denied this deduction.

As to the item of $308.69, we find that no assessment

was actually made by the Income Tax Division. The petition for review filed by appellees alleged that such was the case but the record filed by them contradicts this allegation and is controlling. As a matter of fact an assessment could not be made covering liability of this character and the question would ordinarily arise in an action filed against the stockholders of the dissolved corporation. This item was therefore not actually involved but since the question of liability theron has been raised by appellees, without questioning the method of collection attempted by the Department, it may as well be decided. It is only necessary to point out that the opinion in Reeves, etc., v. East Cairo Ferry Company (decided Jan. 27, 1942), holds that a stockholder receiving assets of a corporation upon dissolution is liable for the payment of income tax due by the corporation to the extent of assets received by the stockholder and is conclusive against appellees on this point.

Judgment reversed with directions to enter a judgment dismissing the petition.

Whole Court sitting.