[Civ. No. 6999. Third Dist. Mar. 22, 1944.]

DEAN DILLMAN, as Executor, etc., Respondent, v. CHARLES J. McCOLGAN, as Bank and Corporation Franchise Tax Commissioner, etc., Appellant.

Robert W. Kenny, Attorney General, H. H. Linney, Assistant Attorney General, and James E. Sabine and John L. Nourse, Deputies Attorney General, for Appellant.

Bronson, Bronson & McKinnon for Respondent.

ADAMS, P. J.—Plaintiff, as executor of the last will and testament of Charles Francis Dillman, deceased, brought this action in September, 1939, to recover from defendants the sum of $1466.64 which had been paid by decedent as personal income taxes. The case was tried upon a stipulation of facts which recites that Dillman owned 710 shares of the capital stock of the California National Bank of Sacramento, which bank was declared insolvent by the Comptroller of the Currency on January 21, 1933. On April 17, 1933, an assessment of 100 per cent of the par value of the stock of said bank was levied against the stockholders, Dillman's share

thereof being $71,000. He denied liability and suit was filed against him. On August 3, 1935, the action was settled, and Dillman paid the assessment in full, with accrued interest.

Dillman at all times kept his books on a cash receipts and disbursements basis, and in his income tax return for the year 1935 claimed deduction of the amount paid on account of said assessment. The Bank and Corporation Franchise Tax Commissioner disallowed the deduction, and levied a deficiency assessment against Dillman. Dillman died, and plaintiff, as executor, paid the deficiency assessment under protest and thereafter filed a claim for refund, which was denied by the commissioner on the ground that the loss sustained "was not deductible in the year in which paid for the reason that liability therefor was incurred prior to the taxable year of 1935, although not actually paid until that year."

It was further stipulated "that in every particular, except as regards the deduction claimed," the income tax return of Dillman for the calendar year 1935 "was duly made and was correct, and is not and has not been disputed"; and that the only issue arising out of said tax return, and the only issue involved in the action, is the propriety of the deduction claimed as aforesaid; also that the purchase and ownership of the stock by Dillman was a transaction entered into by him for profit.

The case was tried by the court without a jury, findings were waived and judgment was rendered in favor of plaintiff. The Franchise Tax Commissioner has appealed.

Section 5(a) of the Personal Income Tax Act of 1935, as enacted June 13, 1935 (Stats. 1935, p. 1090; Deering's Gen. Laws, Act No. 8494), imposed a tax upon "net income."

Section 16(a) provided:

"The net income shall be computed upon the basis of the taxpayer's annual accounting period (fiscal year or calendar year, as the case may be) *in accordance with the method of accounting regularly employed in keeping the books of such taxpayer;* but if no such *method of accounting* has been so employed, or if the *method employed* does not clearly reflect the income, the computation shall be made in accordance with such method as in the opinion of the commissioner does clearly reflect the income." (Italics ours.)

Section 16(d) provided:

"The amount of all items of gross income shall be in-

cluded in the gross income for the taxable year in which received by the taxpayer, unless, under the methods of accounting permitted under subsection (a) of this section, any such amounts are to be properly accounted for as of a different period.''

Section 16 (e) provided:

''The deductions and credits provided for in this act shall be taken for the taxable year in which 'paid or accrued' or paid or incurred, *dependent upon the method of accounting* upon the basis of which the net income is computed, unless in order clearly to reflect the income the deductions or credits should be taken as of a different period.'' (Italics ours.)

In his brief herein appellant says that ''while ordinarily a taxpayer on the cash basis should report income received during the taxable year and take deductions for payments made during the taxable year, this is not true as to income earned prior to the applicable date of the Personal Income Tax Act (January 1, 1935) or as to obligations incurred prior to the applicable date of the Act.'' In support of this contention appellant refers to a purported regulation (which does not appear in the record) which, it is stated in the brief, was made by the commissioner on February 26, 1936, designated art. 36-1, reading as follows:

''Ordinarily, a taxpayer reporting on the cash receipts and disbursements basis must report all income received during his taxable year even though accrued in a prior year and may deduct all amounts paid during such year, even though incurred in a prior year. However, income accrued prior to January 1, 1935 is not taxable and need not be reported, even though the income is received on or after that date and even though the taxpayer reports on the cash receipts and disbursements basis. Thus, salaries and other compensation for personal services earned in 1934 or prior years, for example, is not taxable even though received in 1935 or subsequently. Furthermore, obligations incurred prior to January 1, 1935 may not be deducted, even though paid on or after that date by a taxpayer reporting on the cash receipts and disbursements basis. Thus, delinquent taxes for years prior to 1935, rentals, salaries or other business expenses incurred in 1934 or prior years are not deductible, even though paid in 1935 or subsequently.''

It is then argued that the foregoing is an ''interpretation'' of the Personal Income Tax Act made by the commis-

sioner, that it has been followed by him for more than seven years, and that under the rule that administrative construction of a statute long and consistently adhered to should be given great weight by the courts in construing the language of such statute, it should be followed by this court.

█ Preliminarily, we note that the stipulation of facts upon which this case was presented contains no reference to the foregoing art. 36-1, nor does it appear from the record that, if such a regulation was issued by the commissioner, it has been consistently adhered to.

But assuming its existence and that it has been followed by the commissioner, it is by no means conclusive upon the courts. It was said in the recent case of *Bodinson Manufacturing Co.* v. *California Employment Commission,* 17 Cal.2d 321 [109 P.2d 935], that while the interpretation of a statute by an administrative agency will be accorded great respect by the courts and will be followed if not clearly erroneous, it will be overthrown by the courts, if erroneous, where such a question of law is properly presented.

█ The first point to be determined is whether the statute which the commissioner purports to have interpreted by art. 36-1, *supra,* required interpretation; for in order to justify construction by either an administrative agency or a court, it must first appear that construction is necessary. In *United States* v. *Missouri Pacific R. Co.,* 278 U.S. 269, 277-278 [49 S.Ct. 133, 73 L.Ed. 322, 376], the court said: "It is elementary that where no ambiguity exists there is no room for construction. Inconvenience or hardships, if any, that result from following the statute as written, must be relieved by legislation. . . . Construction may not be substituted for legislation." (Also see note, 73 L.Ed. pp. 322-375.) The same principle is enunciated in *California Drive-in Restaurant Assn.* v. *Clark,* 22 Cal.2d 287, 294 [140 P.2d 657, 147 A.L.R. 1028], where it is said: "But where there is no ambiguity and the interpretation is clearly erroneous, such administrative interpretation does not give legal sanction to a long continued incorrect construction. The administrative interpretation cannot alter the clear meaning of a statute. (*Los Angeles County* v. *Superior Court, supra* [17 Cal.2d 707, 112 P.2d 10] ; 23 Cal.Jur. 776.)" Also see *Hodge* v. *McCall,* 185 Cal. 330, 334 [197 P. 86] ; *Commissioner of Internal Revenue*

v. *Van Vorst*, 59 F.2d 677, 679; *Morrill* v. *Jones*, 106 U.S. 466, 467 [1 S.Ct. 423, 27 L.Ed. 267].

It is equally well established that a ministerial officer may not, under the guise of a rule or regulation, vary or enlarge the terms or conditions of a legislative enactment. (*Boone* v. *Kingsbury*, 206 Cal. 148, 161-163 [273 P. 797]; *Bank of Italy* v. *Johnson*, 200 Cal. 1, 21 [251 P. 784]; *Montgomery* v. *Board of Administration*, etc., 34 Cal.App.2d 514, 521-522 [93 P.2d 1046, 94 P.2d 610]; 25 R.C.L. 1043, sec. 273; and cases cited in 73 L.Ed. 349-350.)

We find nothing in the applicable portions of the statute before us that calls for the construction placed upon it by art. 36-1. Section 16, *supra*, states definitely that net income shall be computed upon the basis of the taxpayer's annual accounting period in accordance with the method of accounting regularly employed by him in keeping his books; that the amount of all items of gross income shall be included in the gross income for the taxable year in which received by the taxpayer, and that the deductions and credits provided for shall be taken for the year in which "paid or accrued," or paid or incurred, dependent upon the method of accounting upon the basis of which net income is computed. This is admitted by the rule itself which recites that "ordinarily" a taxpayer reporting on the cash receipts and disbursements basis must report all income received during his taxable year even though accrued in a prior year, and may deduct all amounts paid during such year, even though incurred in a prior year. Our attention is not directed to any language in the statute that authorized the commissioner to make the exception set forth in art. 36-1, that income accrued prior to January 1, 1935, was not taxable and need not be reported though received after that date and even though the taxpayer reported on the cash receipts and disbursements basis, and that such taxpayer could not deduct amounts paid after January 1, 1935, for obligations previously incurred. As a rule of convenience this provision may have had its advantages in the administration of the act; but it is plain that in promulgating it the commissioner was not construing any language of the statute, for it makes no distinction between the years prior to and those subsequent to its enactment, but was supplementing it. And if the commissioner could modify the provisions of the act as to income accrued or liability incurred

prior to 1935, he could as well be said to have been given authority to so provide for subsequent years, and thus to nullify the provision of the act that a taxpayer who keeps his books on a cash basis must report as income for a given year all cash income received during said year, and credit himself with disbursements for the year when disbursed.

■ Appellant presents the further argument that the Personal Income Tax Act was amended in 1937, 1939, 1941 and 1943, "without any indication on the part of the Legislature that the administrative practice of the commissioner was not in accord with the legislative will." But such fact, if it be a fact, cannot give the force of law to a rule which is in effect a supplement to a statute, and where the act itself is unambiguous. (*Iselin* v. *United States*, 270 U.S. 245 [46 S.Ct. 248, 70 L.Ed. 566].) It was said in *United States* v. *Missouri Pacific R. Co.*, *supra*, that the rule that re-enactment of a statute after it has been construed by officers charged with its enforcement impliedly adopts the construction, applies only when the construction is not plainly erroneous, and to cases presenting the precise conditions passed on prior to the re-enactment.

■ Finally, in order to defeat plaintiff's recovery, appellant falls back upon the provision in the act that if the method of accounting regularly employed by the taxpayer does not clearly reflect the income, computation thereof shall be made in accordance with such method as in the opinion of the commissioner does clearly reflect the income; and he argues that to require the inclusion of items of income earned prior to the applicable date of the act or to permit the deduction of obligations incurred prior to such date would not result in a clear reflection of income. But according to the stipulation of facts in this case the only ground upon which the deduction was disallowed in this case was that the liability was incurred prior to 1935 though not actually paid until that year. There is no showing that "the method employed" by Dillman did not "clearly reflect the income," or how or why his income would be more clearly reflected by disallowing the deduction; and it must be conceded that he followed the provision of the statute which declared that deductions and credits should be taken for the taxable year in which paid when such taxpayer regularly kept his books upon a cash

receipts and disbursements basis, which, it is agreed, Dillman did.

In *Insurance Finance Corporation* v. *Commissioner of Internal Revenue,* 84 F.2d 382, in affirming a decision of the Board of Tax Appeals, the court said: "The two most common accounting methods for tax purposes are the accrual method and the cash receipts and disbursements method, sometimes designated the cash receipts method. Under the former method, entries are made of credits and debits when the liability arises, whether or not then received or disbursed, whereas, under the latter, credits yet to become due or obligations yet to be paid are ignored." And it is said that in the case before it, where the taxpayer kept his books on the cash receipts and disbursements basis and gross income was reported for the year when actually received, the same method should be followed on the other side of the account, and deductions taken for the year in which they were in fact paid; that the petitioner's income was "most clearly reflected" by restricting the deduction for a judgment rendered and affirmed on appeal in 1932, to the year 1933 in which it was actually paid. Also see *Hart* v. *Commissioner of Internal Revenue,* 54 F.2d 848; *United States* v. *Mitchell,* 271 U.S. 9 [46 S.Ct. 418, 70 L.Ed. 799].

Appellant places great reliance upon *Reeves* v. *Turner,* 289 Ky. 426 [158 S.W.2d 978]; but that case is distinguishable. There appellees in their income tax return for 1936 deducted an amount paid for federal income taxes during 1936 on income earned prior to 1935, and which should have been paid prior to 1936. The item was disallowed. The court said that under section 4182b-3 of the statute of their state, income taxes paid to the United States were allowed as a deduction, but that the statute was not specific as to whether it meant federal taxes paid in the usual course of business, that is, in March following the calendar year for which the federal return was made; but that as the Legislature was not specific as to what year's federal income taxes constituted a legal deduction, it was presumed that it did not intend to permit deduction of federal income taxes which should have been, according to the ordinary and usual course of business, paid in a year prior to the date of the State Taxing Act as was the case there; and that the true income of appellees for the year 1936 was not clearly reflected where such deduction was made. In so deciding it relied upon *Bigelow* v. *Reeves,*

285 Ky. 831 [149 S.W.2d 499], which had held that a taxpayer was not entitled to deduct back taxes paid during the year in which it was sought to deduct them, since the taxpayer's prior failure to assess the property was wrongful and constituted a constructive fraud, even if not done corruptly, and that he could not be permitted to take advantage of his own wrong.

In the present case there is nothing uncertain about the loss claimed as a deduction. It was determined and adjusted and paid, all during the year 1935; and for all that appears, Dillman, in contesting the assessment on his bank stock, was acting in good faith and in the belief that he had a legal and justifiable defense to the suit for collection of same. Certainly there is nothing in the Reeves case to support article 36-1, *supra*, as that case was not determined on the ground that the federal tax liability was incurred prior to the effective date of the act, but on the ground that, as the Legislature had not been specific as to what year's federal taxes should be allowed as a deduction, its language should be construed as meaning that such federal taxes should be allowed as a deduction only for the year when they were due and should have been paid.

Appellant also argues that, had the commissioner not adopted the rule set forth in article 36-1, discriminatory results would have ensued. We find it a little difficult to follow the reasoning from which he draws this conclusion; but regardless of its logic, if it be a fact that discriminatory results would have followed, such fact is insufficient justification for what amounted to legislative action by the commissioner. It was matter to be corrected by the lawmaking power alone.

The judgment is affirmed.

Schottky, J. pro tem., and Thompson, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied May 18, 1944. Gibson, C. J., and Traynor, J., voted for a hearing.