[Civ. No. 7341.   Third Dist.   July 25, 1947.]

EUSTACE CULLINAN et al., as Executors, etc., Appellants, v. CHARLES J. McCOLGAN, as State Franchise Tax Commissioner, Respondent.

Sullivan, Roche, Johnson & Farraher and Eustace Cullinan for Appellants.

Fred N. Howser, Attorney General, and James E. Sabine and Irving H. Perluss, Deputy Attorneys General, for Respondent.

PEEK, J.—This is an appeal from a judgment in favor respondent, Franchise Tax Commissioner of the State of California, upon his demurrer to plaintiffs' complaint, the demurrer having been sustained without leave to amend.

Each of the five counts of the complaint alleges generally that plaintiffs kept their records and reported their income on a cash receipts and disbursements basis. Additionally, each of the counts alleges that for the calendar years 1936-37-39-40 and 41 respectively, the plaintiffs as executors of the estate of Matthew I. Sullivan filed a return with the respondent commissioner in accordance with the Personal Income Tax Act of 1935 [Stats. 1935, p. 1090; 3 Deering's Gen. Laws, Act 8494], and the regulations of the commissioner as set forth in Article 36-1 thereof, which article provides:

"Art. 36-1. Cash Receipts and Disbursements Basis-Accruals Before 1935. Ordinarily, a taxpayer reporting on the cash receipts and disbursements basis must report all income received during his taxable year even though accrued in a prior year and may deduct all amounts paid during such year, even though incurred in a prior year. However, income accrued prior to January 1, 1935 is not taxable and need not be reported, even though the income is received on or after

that date and even though the taxpayer reports on the cash receipts and disbursements basis. Thus, salaries and other compensation for personal services earned in 1934 or prior years, for example, is not taxable even though received in 1935 or subsequently. Furthermore, obligations incurred prior to January 1, 1935 may not be deducted, even though paid on or after that date by a taxpayer reporting on the cash receipts and disbursements basis. Thus, delinquent taxes for years prior to 1935, rentals, salaries or other business expenses incurred in 1934 or prior years are not deductible, even though paid in 1935 or subsequently."

Recently this court had before it a strikingly similar contention in the case of *Dillman* v. *McColgan*, 63 Cal.App.2d 405 [146 P.2d 978], which did not relate to income earned prior to January 1, 1935, and not received until after that date as in the present case, but rather involved a deduction claimed by a taxpayer by virtue of a stock assessment levied prior to said date and paid thereafter. The assessment was levied in 1933 by the Comptroller of the Currency against bank stock owned by Dillman but was not paid by him until ~~August~~, 1935, and claimed as a deduction in his tax return ~~that~~ year. At all times there, as here, the books of the ~~taxpayer~~ were carried on a cash receipts and disbursements ~~basis.~~ In that case we were primarily interested in section ~~16(b)~~ of the act, which section provides that deductions shall ~~be~~ taken for the taxable year in which paid or incurred de~~pe~~ndent upon the method of accounting by which the net income is computed. In the present case we are primarily interested in the application of article 36-1 with respect to section 16(a) of the tax act which provides that:

"The net income shall be computed upon the basis of the taxpayer's annual accounting period (fiscal year or calendar year, as the case may be) in accordance with the method of accounting regularly employed in keeping the books of such taxpayer; but if no such method of accounting has been so employed, or if the method employed does not clearly reflect the income, the computation shall be made in accordance with such method as in the opinion of the commissioner does clearly reflect the income."

In the Dillman case this court found that said rule of the respondent commissioner was invalid to the extent that it provided that, in the case of a taxpayer on a cash receipts and disbursements basis, expenses incurred prior to January 1, 1935, were not deductible even though paid after that date.

We also stated by way of dictum that the regulation was invalid in its ruling that compensation earned prior to January 1, 1935, need not be reported even though received after that date, and it is that question which is directly presented herein.

We can find no reasonable basis for a conclusion that the Legislature intended a different rule to apply with respect to items of income from that which applies with respect to items of deductions.

Because of the direct applicability of what was said in the Dillman case to the questions herein presented anything we might say in this opinion would be but to paraphrase what this court, speaking through Presiding Justice Adams, has already stated. We therefore quote from the Dillman case, as follows:

"It was said in the recent case of *Bodinson Manufacturing Co.* v. *California Employment Commission,* 17 Cal.2d 321 [109 P.2d 935], that while the interpretation of a statute by an administrative agency will be accorded great respect by the courts and will be followed if not clearly erroneous, it will be overthrown by the courts, if erroneous, where such a question of law is properly presented.

"The first point to be determined is whether the statute which the commissioner purports to have interpreted by art. 36-1, *supra,* required interpretation; for in order to justify construction by either an administrative agency or a court, it must first appear that construction is necessary. In *United States* v. *Missouri Pacific R. Co.,* 278 U.S. 269, 277-278 [49 S.Ct. 133, 73 L.Ed. 322, 376], the court said: 'It is elementary that where no ambiguity exists there is no room for construction. Inconvenience or hardships, if any, that result from following the statute as written, must be relieved by legislation. . . . Construction may not be substituted for legislation.' (Also see note, 73 L.Ed. pp. 322-375.) The same principle is enunciated in *California Drive-in Restaurant Assn.* v. *Clark,* 22 Cal.2d 287, 294 [140 P.2d 657, 147 A.L.R. 1028], where it is said; 'But where there is no ambiguity and the interpretation is clearly erroneous, such administrative interpretation does not give legal sanction to a long continued incorrect construction. The administrative interpretation cannot alter the clear meaning of a statute. (*Los Angeles County* v. *Superior Court, supra* [17 Cal.2d 707, 112 P.2d 10]; 23 Cal.Jur. 776.)' Also see *Hodge* v. *McCall,* 185 Cal. 330, 334 [197 P. 86]; *Commissioner of Internal Revenue* v. *Van Vorst,* 59 F.2d

677, 679; *Morrill* v. *Jones,* 106 U.S. 466, 467 [1 S.Ct. 423, 27 L.Ed. 267].

"It is equally well established that a ministerial officer may not, under the guise of a rule or regulation, vary or enlarge the terms or conditions of a legislative enactment. (*Boone* v. *Kingsbury,* 206 Cal. 148, 161-163 [273 P. 797]; *Bank of Italy* v. *Johnson,* 200 Cal. 1, 21 [251 P. 784]; *Montgomery* v. *Board of Administration, etc.,* 34 Cal.App.2d 514, 521-522 [93 P.2d 1046, 94 P.2d 610]; 25 R.C.L. 1043, sec. 273; and cases cited in 73 L.Ed. 349-350.)

"We find nothing in the applicable portions of the statute before us that calls for the construction placed upon it by art. 36-1. Section 16, *supra,* states definitely that net income shall be computed upon the basis of the taxpayer's annual accounting period in accordance with the method of accounting regularly employed by him in keeping his books; that the amount of all items of gross income shall be included in the gross income for the taxable year in which received by the taxpayer, and that the deductions and credits provided for shall be taken for the year in which 'paid or accrued,' or paid or incurred, dependent upon the method of accounting upon the basis of which net income is computed. This is admitted by the rule itself which recites that 'ordinarily' a taxpayer reporting on the cash receipts and disbursements basis must report all income received during his taxable year even though accrued in a prior year, and may deduct all amounts paid during such year, even though incurred in a prior year. Our attention is not directed to any language in the statute that authorized the commissioner to make the exception set forth in art. 36-1, that income accrued prior to January 1, 1935, was not taxable and need not be reported though received after that date and even though the taxpayer reported on the cash receipts and disbursements basis, and that such taxpayer could not deduct amounts paid after January 1, 1935, for obligations previously incurred. As a rule of convenience this provision may have had its advantages in the administration of the act; but it is plain in promulgating it the commissioner was not construing any language of the statute, for it makes no distinction between the years prior to and those subsequent to its enactment, but was supplementing it. And if the commissioner could modify the provisions of the act as to income accrued or liability incurred prior to 1935, he could as well be said to have been given authority to so provide for subsequent years, and thus to nullify the provisions

of the act that a taxpayer who keeps his books on a cash basis must report his income for a given year all cash income received during said year, and credit himself with disbursements for the year when disbursed.

"Appellant presents the further argument that the Personal Income Tax Act was amended in 1937, 1939, 1941 and 1943, 'without any indication on the part of the Legislature that the administrative practice of the commissioner was not in accord with the legislative will.' But such fact, if it be a fact, cannot give force of law to a rule which is in effect a supplement to a statute, and where the act itself is unambiguous. (*Iselin* v. *United States,* 270 U.S. 245 [46 S.Ct. 248, 70 L.Ed. 566].) It was said in *United States* v. *Missouri Pacific R. Co., supra,* that the rule that re-enactment of a statute after it had been construed by officers charged with its enforcement impliedly adopts the construction, applies only when the construction is not plainly erroneous and to cases presenting the precise conditions passed on prior to the re-enactment."

The further contention of appellants that rule 36-1 is both equitable and fair is predicated upon an article appearing in 13 Southern California Law Review, page 431, wherein the author writing upon the subject of "taxation of accrued items on death" refers to said article as a recognition by California authorities of the "inequity of retroactively applying" the provisions of the California Income Tax Act.

We have no argument with the very able and comprehensive discussion to which appellants have referred but however academically correct it may be with respect to its desirability as a sound policy in alleviating inequity or oppressive taxes in the special instances therein mentioned it can in no way change that which the Legislature of this state has enacted or that which the courts of this state have determined to be the law applicable to the particular rule of the respondent here in question. Such matters of policy in the field of taxation are neither for the executive nor the judicial departments but for the Legislature.

The fact that for several years respondent has followed the procedure set forth in article 36-1 is insufficient justification for the adoption of and adherence to a rule which in effect amounts to legislative action by the commissioner. It necessarily must follow that for this court now to approve said rule likewise would be to invade the province of the Legislature, something neither the respondent commissioner nor a court may do.

■ We are in accord with appellants' final contention that the presumption is against the retroactive operation of income tax statutes and that such statutes should not be interpreted so as to have retroactive effect, but we fail to understand the applicability of the enunciated rule to the instant case nor do we believe counsel has shown wherein such rule applies. The admitted fact that the income was earned prior to 1935, is immaterial inasmuch as the taxpayer's books at all times were kept on a cash basis. So far as he was concerned it was not income to him until paid. The option given to a taxpayer to report his income on a cash receipts or an accrual basis is founded upon the theory that cash received in the reported year will be balanced by income accrued in the same year but which will not have to be reported until subsequently. Having voluntarily chosen the method used he cannot complain that the tax is "retroactive."

Furthermore, there would appear to be a direct analogy between this case and *Holmes* v. *McColgan,* 17 Cal.2d 426 [110 P.2d 428]. There it was argued unsuccessfully that since the increase in value of certain real property occurred prior to January 1, 1935, but was not realized until after that date, it could not be taxed as income. Here appellants' contention likewise relates to a similar realization, fees earned prior to January 1, 1935, but not paid until thereafter.

The fact that one case involves appreciation in the value of real property which was subsequently sold, and the other an accrual of attorney fees subsequently collected, does not make the two distinguishable on legal principle.

Reiterating the thought previously expressed in regard to the question of deductions as raised in the Dillman case, there is no more reason to assume that the Legislature intended to exclude amounts earned before the effective date of the act but received by the taxpayer on a cash basis after the effective date of the statute, than that the Legislature intended to exclude increases in the value of property accruing prior to the effective date of the act but realized subsequently through a sale of the property.

For the foregoing reasons the judgment is affirmed.

Adams, P. J., and Thompson, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied September 22, 1947. Shenk, J., and Traynor, J., voted for a hearing.